### 6306. RAY v. ELLIS, sheriff

1. As a general rule, a sheriff and his sureties are liable upon his official bond for any violation of his duty which inflicts injury upon another; but this rule does not apply to his non-enforcement of an order or judgment not expressly authorized by law; and when the determination of the issue whether such an officer is subject to rule by reason of a positive act in disobedience of the order of a particular court, or for failure to act in obedience to its orders, is controlled by and must depend solely upon that court's adjudication as to whether such act or the failure to act was in contempt of an order extraordinary as construed by the court itself, the matter is one peculiarly addressed to the discretion of that court, and the exercise of its discretion will not be interfered with. A court may sometimes rightly adjudge that disobedience of an order improvidently granted by it was not a contempt.

2. The judgment sustaining the demurrer to the petition was not for any reason erroneous.

DECIDED JANUARY 6, 1916.

Petition for rule against sheriff; from city court of Hazlehurst —Judge Grant. January 23, 1915.

From the petition of Ray to the judge of the city court, it appears that a distress warrant was levied on the petitioner's crops and other personal property by the deputy sheriff of that court, who delivered the property levied on to the sheriff, and Ray filed a counter-affidavit, but did not replevy the property, which he alleged to be of the value of $307.93; that the issue made by the counter-affidavit was tried in the city court, and the court rendered judgment against Ray and against the property levied on, in the sum of $157.50, and granted him an order "for the remainder of

said personal property or the proceeds thereof in the hands of the sheriff;" that he demanded "the proceeds arising from the sale of his said crops, or the balance of the same, in accordance with the judgment of the court directing the said sheriff to make delivery thereof to him," and that the sheriff failed to make any settlement with him. It is prayed that a rule nisi be granted, requiring the sheriff to answer why he should not make a settlement with the petitioner, in accordance with the said judgment and order, or, in default thereof, that he be attached for contempt. The petition was dismissed on general demurrer.

*Gordon Knox, Newton Gaskins,* for plaintiff.

*S. D. Dell,* for defendant.

RUSSELL, C. J. The original proceeding was by distress warrant. The judgment upon the issue raised by the counter-affidavit, in ordinary course, required an order that the levy proceed; and, in the absence of a judgment sustaining an affidavit of illegality upon the ground that the levy was excessive, a judgment to that effect should have been rendered. This would have resulted in the sale of all the property levied upon. For some reason not disclosed by the record, the city court, in rendering judgment against Ray and against the property levied upon, granted him an order "for the remainder of" the property, "or the proceeds thereof, in the hands of the sheriff." The judgment, so far as it provided that the remainder of the personal property levied on be delivered to the defendant in the distress warrant, was unauthorized by law and ineffectual, and could properly have been disregarded by the trial judge in considering the petition for the rule, which did not ask for the remainder of the crop, but demanded "the proceeds arising from the sale of his said crops, or the balance of the same." Under the ordinary rules of construction, the balance mentioned could only refer to the balance of the proceeds arising from the sale of his crops, and not to the balance of the crops themselves, if any was claimed to exist. This view is strengthened when we consider that under the general rule pleadings are to be most strictly construed against the pleader. In any event, the order with relation to the return of a portion of the crop (when, under the law, the judgment required the levying officer to sell all the property levied upon) was extraordinary, and it was for the court to decide whether a failure to obey this part of the judgment

was a contempt. The headnote directed to this point does not require elaboration. *Judgment affirmed.*